UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK C. HOWELL, Jr., | : | |
| Plaintiff, | : | Civ. No. 22-4796 (RBK) (AMD) |
| v. | : | |
| KAREN TAYLOR, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Plaintiff, Mark C. Howell, Jr. ("Plaintiff" or "Howell"), is detained at the Camden County Jail in Camden, New Jersey. He is proceeding *pro se* with a civil complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court granted Plaintiff *in forma pauperis* status. (*See* ECF 2).

The allegations of the complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint against Defendant Camden County Jail is dismissed with prejudice and against Defendant Karen Taylor without prejudice for failure to state a claim upon which relief may be granted.

II.   FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations of the complaint shall be construed as true for purposes of this screening opinion. Plaintiff names Warden Karen Taylor and the Camden County Jail as Defendants in this action.

Plaintiff states his right hand was accidently slammed in a cell door on June 15, 2022. (*See* ECF 1 at 2). He filled out a sick call slip due to the pain, but was denied medical attention for over one week. (*See id.*). Furthermore, it took over one month for Plaintiff to receive X-rays. (*See id.*). Plaintiff states two of his fingers are permanently bent and he cannot straighten them which affects his ability to grip and which is continuously uncomfortable. (*See* ECF 1-2 at 1-2). Plaintiff seeks monetary damages. (*See* ECF 1 at 3).

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV.   DISCUSSION

A.   Camden County Jail

Plaintiff cannot proceed with his claims against the Camden County Jail as it is not a "person" subject to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Thus, Plaintiff's claims against the Camden County Jail are dismissed with prejudice for failure to state a claim upon which relief may be granted.

B.   Warden Karen Taylor

Plaintiff's complaint shall also not proceed against Warden Karen Taylor. Plaintiff names Taylor as a Defendant in the caption of this case, but fails to state any specific factual allegations against her. Construed liberally, this Court presumes Plaintiff is attempting to bring a supervisory liability claim against Taylor as warden of the Camden County Jail.

Supervisory liability in a § 1983 action must be predicated upon personal involvement, not *respondeat superior*. *See Brown v. Deparlos*, 492 F. App'x 211, 214–15 (3d Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). There are two theories of supervisory liability applicable to § 1983 claims; they are: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Del. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch.*

*Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). With respect to the second theory of liability, the plaintiff must show that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Plaintiff does not allege any personal involvement on the part of Taylor with respect to Plaintiff's treatment at the Camden County Jail after he was injured. Furthermore, the complaint lacks allegations related to an existing policy or practice that created an unreasonable risk of constitutional injury. Accordingly, Plaintiff fails to state a supervisory liability claim against Taylor such that the claims against her will be dismissed without prejudice.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's claims against the Camden County Jail are dismissed with prejudice for failure to state a claim and Plaintiff's claims against Taylor are dismissed without prejudice for failure to state a claim. Plaintiff shall be given an opportunity to file a proposed amended complaint that corrects the deficiencies of his initial complaint against Taylor should he elect to do so. An appropriate order will be entered.

DATED: May 4, 2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge